WEBSTER, J.
Appellant (Bohnsack) filed an action against appellee (the Bank) alleging tor-tious interference with a business relationship. In response to a motion filed by the Bank, the trial court concluded that the action was barred by the doctrines of res judicata and collateral estoppel and, accordingly, entered a summary final judgment in favor of the Bank. Because it is apparent from the record that neither res judicata nor collateral estoppel bars Bohn-sack’s action, we reverse.
The Bank claims that Bohnsack’s tortious interference action is barred by a prior foreclosure action instituted against her by the Bank, and resolved in the Bank’s favor. The trial court agreed. However, the record clearly demonstrates that the two actions share neither an identity of the thing sued for nor an identity of causes of action. Accordingly, the record will not support application of the doctrine of res judicata. See, e.g., Surf Colony Dock Ass’n, Inc. v. Vanderbilt Towers Unit # 1 of Naples Ass’n, Inc., 708 So.2d 804, 305 (Fla. 2d DCA 1998) (application of “the doctrine of res judicata requires that the two actions share an identity of the thing sued for and an identity of the cause of action”). The record also clearly demonstrates that the issues relevant to Bohn-sack’s tortious interference action were not actually litigated in the foreclosure action. Accordingly, the record will also not support application of the doctrine of collateral estoppel. See, e.g., Department of Health & Rehab. Serv. v. B.J.M., 656 So.2d 906 (Fla. 1995) (application of the doctrine of collateral estoppel requires that the issues relevant to the subsequent action were actually fully litigated in the prior action).
Because the trial court erroneously concluded that Bohnsack’s tortious interference action was barred by the doctrines of res judicata and collateral estoppel, we reverse the summary final judgment entered in favor of the Bank and remand for further proceedings.
REVERSED and REMANDED.
LAWRENCE, J., CONCURS.
WOLF, J., DISSENTS WITH WRITTEN OPINION.